NOS. 07-12-00026-CR, 07-12-00027-CR, 07-12-00028-CR, 07-12-00029-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 20, 2012

---

SHAMAR DESHAWN OLIVER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NOS. 63,781-E, 63,909-E, 63,983-E, 64,026-E;

HONORABLE DOUGLAS WOODBURN, JUDGE

---

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Shamar Deshawn Oliver, appeals his convictions for delivery of a controlled substance in an amount of more than four grams but less than 200 grams[1] (No. 07-12-0026-CR), delivery of a controlled substance in an amount of more than four grams but less than 200 grams within 1,000 feet of a day care center[2] (No. 07-12-0027-CR), delivery of a controlled substance in an amount of more than one gram but less

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2010).

[2] See id. § 481.134(c)(1) (West Supp. 2012).

than four grams within 1,000 feet of a school[3] (No. 07-12-0028-CR), and delivery of a controlled substance of more than one gram but less than four grams[4] (No. 07-12-0029-CR).  Appellant was sentenced to 15 years in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) in both No. 07-12-0026-CR and No. 07-12-0029-CR with the sentences to be served consecutively to appellant's completing his sentences in No. 07-12-0027-CR and No. 07-12-0028-CR.  Appellant was sentenced to 20 years in the ID-TDCJ in both No. 07-12-0027-CR and No. 07-12-0028-CR.

Appellant appeals the judgments in each case alleging that the trial court committed reversible error by limiting appellant's rights to cross-examine a State's witness concerning the bias or animus of the witness toward appellant and by not allowing appellant to put on evidence of entrapment.  We disagree and will affirm.

Factual and Procedural Background

In February 2011, appellant met Harvey Battle.  Unknown to appellant, Battle was working for the Amarillo Police Department as a confidential informant.  After meeting Battle, appellant engaged in a series of drug deals with him.  These transactions continued until June 2011 when appellant was arrested.  As a result of these transactions appellant was charged in four separate indictments for delivery of differing amounts of controlled substances.  On all but one occasion, the drug was crack cocaine.  The exception was the last transaction which involved delivery of powdered cocaine.  In each of the four indicted cases, Battle was under the supervision of Amarillo

---

[3] See id.

[4] See id. § 481.112(c).

Police Department narcotics officer Thomas Hightower. On the occasion of each of the drug buys, Battle was wired with a wireless microphone, transmitter, and a recording device and was under video monitoring. On each occasion, Battle's vehicle was searched before and after the transaction to insure he took no controlled substances with him and that he retained none of the controlled substances after the buy. The Amarillo Police provided the funds that Battle used to purchase the controlled substances from appellant. Working with Hightower was Officer Bill Redden.[5] Officer Redden had previously arrested appellant in 2001 and used appellant as a confidential informant in 2004.

Appellant waived his right to a jury trial and agreed that all four cases would be tried together before the trial court. The record reflects that Hightower was in charge of the investigation and the purchases of controlled substances by Battle from appellant. Further, the record reflects that Redden's primary functions during this investigation were to search Battle's vehicle before and after the delivery in question was completed and to assist with surveillance of the drug purchases.

During the trial, appellant sought to introduce a document marked as Defendant's Exhibit 5 (D-5). This document was a complaint that appellant alleged he filed against Redden with both the Amarillo Police Department and the Federal Bureau of Investigation. It was through this document that appellant was attempting to prove that, due to the actions of Redden, he was entrapped into committing the offenses in question. The State objected to the admission of D-5 on a number of different grounds

---

[5] By date of appellant's trial, Redden had retired from the APD and was working for the Randall County District Attorney's office as an investigator.

which the trial court sustained. However, before offering the exhibit, appellant's trial counsel was allowed to cross-examine Redden regarding his knowledge that the complaint had in fact been filed against him. Likewise, appellant's trial counsel spent most of his time during cross-examination questioning Redden about his past dealings with appellant, to include the number of civil forfeiture proceedings Redden had instigated against appellant and Redden's involvement in efforts to revoke the probation of appellant's wife.

Appellant testified in his own behalf and admitted each of the deliveries in question. However, he contended that they were as a result of the economic hardship caused by Redden's activities against him. During cross-examination by the State, appellant admitted that the only inducement Battle ever made regarding the sale of drugs was the purchase price. At the conclusion of the evidence, the trial court found appellant guilty on each charge and sentenced appellant to the terms of confinement recited earlier.

Appellant now appeals, contending the trial judge impermissibly limited his right of cross-examination of Redden and denied him the ability to present evidence of entrapment. Disagreeing with appellant, we will affirm the trial court's judgments.

## Cross-examination of Redden

Appellant's contention is simply that the trial court denied him the right to show that Redden had an animus or bias against him. This is so, according to appellant, because the trial court would not allow full cross-examination of Redden regarding actions that appellant alleged Redden took against him after appellant got out of prison.

Standard of Review

Initially, we note that the trial court's rulings on admission or exclusion of evidence are reviewed for an abuse of discretion. See Martinez v. State, 327 S.W.3d 727, 736 (Tex.Crim.App. 2010), cert. denied, 131 S.Ct 2966, 180 L.Ed.2d 253 (2011). A trial court does not abuse its discretion if its decision is within the zone of reasonable disagreement. See Walters v. State, 247 S.W.3d 204, 217 (Tex.Crim.App. 2007). We will sustain the trial court's decision if that decision is correct on any theory of law applicable to the case. Romero v. State, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990) (en banc).

Analysis

We begin our analysis of appellant's issue with the observation that, despite the statements in appellant's brief, Redden was only a supporting character in the play that was produced before the trial court. Redden's functions were to search Battle's vehicle before and after the drug buy and to provide additional eyes and ears for the surveillance. Redden was not a key witness for the State as contended by appellant. Rather, he was, at best, a witness who corroborated parts of the lead investigator's and confidential informant's testimony.

A review of the record reveals that appellant wished to cross-examine Redden regarding Redden's previous dealings with appellant. The trial court permitted Redden to be cross-examined regarding his previous arrests of appellant, civil forfeiture proceedings Redden had initiated against appellant, whether he had contacted the probation officer of appellant's wife in an attempt to have her probation revoked, and

whether Redden had knowledge of a complaint that appellant had filed against him with the Amarillo Police Department and the Federal Bureau of Investigation. This record hardly supports appellant's contention that his right of cross-examination was limited by the trial court's rulings.

The only specific ruling about which appellant complains was the trial court's denial of admission of D-5, appellant's compendium of complaints against Redden. The trial court agreed with the State that the document was riddled with hearsay and hearsay upon hearsay. The exhibit was produced for the appellate record by virtue of a bill of exception. We have reviewed the document and agree with the trial court's sustaining the State's objection, especially regarding the amount of hearsay contained in the document. Accordingly, the trial court did not abuse it discretion in sustaining the State's objection to admission of D-5. See TEX. R. EVID. 802; Martinez, 327 S.W.3d at 736.

Having determined that the trial court did not improperly limit appellant's right to cross-examine Redden and that the trial court's exclusion of the D-5 was not an abuse of discretion, we overrule appellant's first issue.

Entrapment Defense

Appellant's final issue contends that the trial court erred by not allowing appellant to put on evidence of entrapment. Our review of the issue leads us to the conclusion that appellant is again complaining about the evidentiary rulings of the trial court. Therefore, the same standard of review referred to above is at play.

Appellant posits that the complaint he filed with the Amarillo Police Department and the Federal Bureau of Investigation would provide a *prima facie* case for the defense of entrapment. There are two fundamental flaws in appellant's contention.

First, the document, when offered during appellant's testimony, is still the same document filled with the same hearsay and hearsay upon hearsay that the trial court found objectionable when it was offered while Redden testified. Therefore, the trial court's ruling is correct although, at the time of the second offer, the State did not voice the hearsay objection again. See Romero, 800 S.W.2d at 543.

Second, appellant's argument fails to explain how, even if admitted and accepted as true, this exhibit proves a *prima facie* case for the defense of entrapment. The defense of entrapment is contained in section 8.06 of the Texas Penal Code. See TEX. PENAL CODE ANN. § 8.06(a) (West 2011). The Texas Court of Criminal Appeals has stated that when a criminal defendant raises the defense of entrapment at trial, he has the burden of producing evidence to establish every element of that defense. Hernandez v. State, 161 S.W.3d 491, 497 (Tex.Crim.App. 2005). The criminal defendant must present a *prima facie* case that 1) he engaged in the conduct charged; 2) because he was induced to do so by a law enforcement agent; 3) who used persuasion or other means; and 4) those means were likely to cause persons to commit the offense. Id. There is simply no showing by appellant of how this evidence, D-5, can be read to make a *prima facie* case without resorting to the most astounding leaps of logic and faith. For example, appellant complains about Redden's actions in seeking civil forfeiture proceedings. What the record reveals is that Redden was involved in

7

three proceedings against appellant and only one was not granted. Yet, we are to interpret Redden's use of the available forfeiture proceedings as evidence of entrapment by economic duress. Why this is so—as opposed to simply the consequences of the lifestyle appellant has chosen to live—goes unexplained.

There is simply nothing to demonstrate that appellant's attempt to show entrapment was impinged by the trial court's correct ruling as to D-5. Further, there is nothing in the record to indicate that, even had D-5 been admitted, appellant would have made a *prima facie* case for entrapment. See id. Accordingly, appellant's second issue is overruled.

## Conclusion

Having overruled appellant's issues, we affirm the trial court's judgments.


Mackey K. Hancock
Justice


Do not publish.

8